IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GLENN ANDERSON, *et al.*,      )
                               )
            Plaintiffs,        )
                               )
v.                             )      Case No. CIV-05-825-F
                               )
EDWARD L. EVANS, in his capacity )
as Interim Director Oklahoma Department )
of Corrections, *et al.*,      )
                               )
            Defendants.        )

## REPORT AND RECOMMENDATION

Plaintiffs Glenn Anderson and Charles Taylor are state prisoners who have sued under

42 U.S.C. § 1983.  The named defendants[1] move for dismissal,[2] and the Court should

overrule the motion.

### Background

Messrs. Anderson and Taylor have been sentenced to death by the State of Oklahoma.

*See* Complaint at p. 1.  Under Oklahoma law, they face execution by lethal injection.  *See id.*

The Plaintiffs allege that the Oklahoma Department of Corrections ("DOC") has designed

---

[1]      In the complaint, the Plaintiffs have also sued 50 defendants who are not identified by name.
Complaint at p. 1 (July 20, 2005) ("Complaint").

[2]      The named defendants filed two similar motions and collectively filed a single reply brief.
Defendants' Motion to Dismiss and Brief in Support (Sept. 6, 2005); Defendants' Motion to Dismiss
and Brief in Support (Sept. 22, 2005); Defendants' Reply to Plaintiffs' Response to Defendants'
Motion to Dismiss (Oct. 21, 2005).

a lethal injection procedure that violates the Fifth, Eighth and Fourteenth Amendments. *Id.* at pp. 2, 19-20.

In their motions to dismiss, the Defendants argue that the Plaintiffs' claims are barred by the statute of limitations and are facially insufficient.  Defendants' Motion to Dismiss and Brief in Support at pp. 3-11 (Sept. 6, 2005); Defendants' Motion to Dismiss and Brief in Support at pp. 3-11 (Sept. 22, 2005).  In their reply, the Defendants also argue that the Plaintiffs cannot prevail on a claim involving a lack of notice.  Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss at pp. 5-7 (Oct. 21, 2005).

## Standard for Dismissal

The Defendants have moved for dismissal under Fed. R. Civ. P. 12(b)(6).  Defendants' Motion to Dismiss and Brief in Support at p. 1 (Sept. 6, 2005); Defendants' Motion to Dismiss and Brief in Support at p. 1 (Sept. 22, 2005).  Under this provision, dismissal is proper only if "the plaintiff[s] can prove no set of facts in support . . . that would entitle [them] to relief."  *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995).  The well-pleaded factual allegations and all reasonable inferences must be accepted as true and construed in the light most favorable to the Plaintiffs.  *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).  As a result, "[t]he court's function . . . is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff[s'] complaint alone is legally sufficient to state a claim for which relief may be granted."  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

2

### Statute of Limitations

Oklahoma has employed lethal injection as the means for execution since 1977.  *See* Okla. Stat. tit. 22 § 1014(A) (1977 supp.);[3] *see also Beardslee v. Woodford*, 395 F.3d 1064, 1073 (9th Cir. 2005) (*per curiam*) (noting that in 1977, Oklahoma "became the first state to adopt lethal injection as an execution method").  Thus, the Defendants allege that the limitations period had begun in 1996 and 1997, when the Plaintiffs were sentenced to death. Defendants' Motion to Dismiss and Brief in Support at pp. 6-7 (Sept. 6, 2005); Defendants' Motion to Dismiss and Brief in Support at pp. 6-7 (Sept. 22, 2005).

Dismissal on timeliness grounds would be proper only if the complaint showed on its face that the limitations period had expired.[4]  The complaint does not reflect such a failure, and the Court should reject the Defendants' argument for dismissal based on timeliness.

The period of limitations for a Section 1983 action is governed by the forum state's law applicable to personal injury actions.  *See Wilson v. Garcia*, 471 U.S. 261, 276-80

---

[3]     The 1977 statute provided: "The punishment of death must be inflicted by continuous, intravenous administration of a lethal quantity of an ultrashort-acting barbiturate in combination with a chemical paralytic agent until death is pronounced by a licensed physician according to accepted standards of medical practice."  Okla. Stat. tit. 22 § 1014(A) (1977 supp.).

[4]     *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 n.3 (10th Cir. 1999) ("We note that Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." (citations omitted)), *overruled in part on other grounds*, *Boyler v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1140 (10th Cir. 2003).

(1985).[5]  In Oklahoma, the limitations period for Section 1983 actions is two years.  *See*

*Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988).  However, federal law governs

accrual of the cause of action.  *See Smith v. City*, 149 F.3d 1151, 1154 (10th Cir. 1998).

Under federal law, "[a] civil rights action accrues when the plaintiff knows or has reason to

know of the injury which is the basis of the action."  *Baker v. Board of Regents*, 991 F.2d

628, 632 (10th Cir. 1993).

    The Plaintiffs are not challenging Oklahoma's execution law or claiming that lethal

injections are unconstitutional *per se*.  *See* Complaint, *passim*.  Instead, Messrs. Anderson

and Taylor object to the DOC's current procedures for lethal injections.  *See id.*, Plaintiffs'

Opposition to Defendant Rainey's, Luttrull's, Godlove's, Henneke's, Logan's, Young's, and

Ware's Motion to Dismiss for Failure to State a Claim and Memorandum in Support at p. 4

(Oct. 7, 2005) (enumerating claims); *see also Murphy v. State*, __ P.3d __, 2005 WL

3310497, Westlaw op. at 10 n.23 (Okla. Crim. App. Dec. 7, 2005) (not released for

publication).[6]  In the complaint, the Plaintiffs do not say when the Defendants had devised

---

[5]     The Court may assume *arguendo* that the limitations period applies notwithstanding the
Petitioner's request for equitable and declaratory relief.  *See Pepper v. Truitt*, 158 F.2d 246, 250
(10th Cir. 1946) ("Since this is an equitable action, the defense of laches necessarily applies, and
the statute of limitations has relevancy by analogy only.").

[6]     Thirteen days ago, the Oklahoma Court of Criminal Appeals noted that Oklahoma's lethal
injection protocols "are not statutorily based."  *Murphy v. State*, __ P.3d __, 2005 WL 3310497,
Westlaw op. at 10 n.23 (Okla. Crim. App. Dec. 7, 2005) (not released for publication).

the current execution protocol.[7]  In response to the motion to dismiss, the Plaintiffs add that

the DOC had waited until January 14, 2004, to publically reveal its execution procedure.

Plaintiffs' Opposition to Defendant Rainey's, Luttrull's, Godlove's, Henneke's, Logan's,

Young's, and Ware's Motion to Dismiss for Failure to State a Claim and Memorandum in

Support at p. 19 (Oct. 7, 2005).

On its face, the complaint does not show that the claim is time-barred.  And if the

Plaintiffs' allegations in the response brief are to be believed, the cause of action arguably

would not have accrued until January 14, 2004.  Because the complaint is not facially time-

barred, the Court should overrule the Defendants' argument for dismissal based on expiration

of the limitations period.

### The Plaintiffs' Alleged Failure to State a Valid
### Claim Under the Fifth Amendment's Due Process Clause

The Defendants have mistakenly read the Plaintiffs' response brief to suggest a new

constitutional claim involving a lack of notice.  Defendants' Reply to Plaintiffs' Response

to Defendants' Motion to Dismiss at p. 5 (Oct. 21, 2005).  Thus, the Defendants argue that

the Plaintiffs lack a constitutional right to notice and have not exhausted such a claim.  *Id.*

---

[7]     Instead, the Plaintiffs simply state in the complaint that "since 1990," the Defendants and
the DOC have "arbitrarily and capriciously modified the execution processes . . . ."  Complaint at
p. 18.

at 5-6.  The Plaintiffs have neither pled such a claim nor suggested one in their response brief.

In the complaint, the Plaintiffs do not assert a due process claim based on notice. They do say in the complaint that since 1990, the Defendants and the DOC have arbitrarily and capriciously modified the execution processes.  Complaint at p. 18; *see supra* note 7. In their response brief, Messrs. Anderson and Taylor add that the constant changes deprive them of the right to be informed about the manner of execution.  Plaintiffs' Opposition to Defendant Rainey's, Luttrull's, Godlove's, Henneke's, Logan's, Young's, and Ware's Motion to Dismiss for Failure to State a Claim and Memorandum in Support at p. 10 (Oct. 7, 2005).  From this statement, the Defendants infer that the Plaintiffs are attempting to add a due process claim based on the uncertainty of the protocol to be used in their executions. Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss at pp. 5-6 (Oct. 21, 2005).  The Plaintiffs have never expressed the desire to add such a claim.[8]

---

[8]     Such a claim would be counter-intuitive.  The Plaintiffs are dissatisfied with the current execution protocol and have brought the present action to force changes.  Messrs. Anderson and Taylor presumably hope that the execution protocol will follow scientific developments as new information becomes available.  *See* Plaintiffs' Opposition to Defendant Rainey's, Luttrull's, Godlove's, Henneke's, Logan's, Young's, and Ware's Motion to Dismiss for Failure to State a Claim and Memorandum in Support at p. 13 (Oct. 7, 2005) (arguing that the "Defendants have refused to consider any protocol change" despite the revelation of "flaws in the execution procedures").  Only thirteen days ago, the Oklahoma Court of Criminal Appeals discussed the state's protocol for lethal injections and concluded: "If Petitioner's allegations have merit, we have every reason to believe the necessary changes will be implemented."  *Murphy v. State*, __ P.3d __, 2005 WL 3310497, Westlaw op. at 10 (Okla. Crim. App. Dec. 7, 2005) (not released for publication); *see supra* note 6.  The Plaintiffs are  not attempting to resist future changes on grounds involving a lack of notice.  Instead, the Plaintiffs are attempting to force future changes.

## The Alleged Insufficiency of the Eighth Amendment Claim

The Defendants challenge the sufficiency of an Eighth Amendment claim, arguing: (1) The Plaintiffs merely assert a difference in medical opinion; (2) DOC procedures do not violate the Eighth Amendment; and (3) the Plaintiffs have not sufficiently alleged an appreciation by state officials of a substantial risk of serious harm. Defendants' Motion to Dismiss and Brief in Support at pp. 3-6, 7-10 (Sept. 6, 2005); Defendants' Motion to Dismiss and Brief in Support at pp. 3-6, 7-10 (Sept. 22, 2005). The Court should reject these arguments for purposes of the motion to dismiss.

I.   Standard for Violation of the Eighth Amendment

A prison official violates the Eighth Amendment when an inmate's suffering is "sufficiently serious" and prison officials acted with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The official is guilty of "deliberate indifference" if he has a "sufficiently culpable state of mind." *Id.*[9]

---

[9]    The Plaintiffs have asserted two Eighth Amendment claims and argue that only one of them requires deliberate indifference. Complaint at pp. 19-20; Plaintiffs' Opposition to Defendant Rainey's, Luttrull's, Godlove's, Henneke's, Logan's, Young's, and Ware's Motion to Dismiss for Failure to State a Claim and Memorandum in Support at p. 4 (Oct. 7, 2005). The Defendants argue that deliberate indifference is necessary under Section 1983 and that avoidance of this element would require pursuit of habeas proceedings. Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss at pp. 2-3 (Oct. 21, 2005).

The Plaintiffs' distinction is not a meaningful one. Messrs. Anderson and Taylor are suing under Section 1983, and "[t]he Supreme Court has made it clear that liability under § 1983 must be predicated upon a 'deliberate' deprivation of constitutional rights by the defendant." *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992). The Plaintiffs are not pursuing habeas relief, and the Court need not decide whether deliberate indifference would be required in a habeas claim. But the Defendants are correct when they argue that regardless of the distinction articulated in the complaint, the Plaintiffs must show a deliberate deprivation to prevail on a Section 1983 claim

II.     A Difference of Medical Opinion

The Defendants describe execution as a "medical procedure" and claim that the Plaintiffs merely disagree with the "treatment prescribed by a physician" and the opinion of the DOC's medical staff.[10]  Defendants' Motion to Dismiss and Brief in Support at pp. 3-4 (Sept. 6, 2005); Defendants' Motion to Dismiss and Brief in Support at pp. 3-4 (Sept. 22, 2005).  The description is untenable on a motion to dismiss.

No party has provided the Court with a medical opinion concerning the propriety of Oklahoma's protocol for lethal injection.[11]  And the parties do not agree on the protocol for execution.  *Compare* Defendants' Motion to Dismiss and Brief in Support at pp. 3-4 & note 3 (Sept. 6, 2005), *and* Defendants' Motion to Dismiss and Brief in Support at pp. 3-4 & note 3 (Sept. 22, 2005), *with* Plaintiffs' Opposition to Defendant Rainey's, Luttrull's, Godlove's, Henneke's, Logan's, Young's, and Ware's Motion to Dismiss for Failure to State a Claim

---

involving violation of the Eighth Amendment.

[10]     Liability under Section 1983 cannot be based solely on disagreement regarding treatment between a prisoner and officials.  *See Smart v. Villar*, 547 F.2d 112, 113-14 (10th Cir. 1976); *see also Johnson v. Stephan*, 6 F.3d 691, 692 (10th Cir. 1993) ("As the district court noted, Mr. Johnson's complaint [that a prescribed treatment was improper] amounts to a difference of opinion with the medical staff, which does not rise to the level of a constitutional violation.").

[11]     The Defendants assert that the "Plaintiffs are challenging the medical opinion that the current procedure is acceptable for delivering a lethal dose of prescribed medication, with a minimum of suffering."  Defendants' Motion to Dismiss and Brief in Support at p. 4 (Sept. 6, 2005); Defendants' Motion to Dismiss and Brief in Support at p. 4 (Sept. 22, 2005).  No such medical opinion appears on the face of the complaint or even in the Defendants' briefs.

and Memorandum in Support at p. 3 (Oct. 7, 2005).[12]  Thus, the Court cannot identify the

medical opinion without additional evidence, and such information would be inappropriate

in the consideration of a motion to dismiss.  *See supra* p. 2.  As a result, the Defendants'

argument for dismissal is invalid.

III.    Whether the DOC's Execution Protocol Causes a Substantial Risk of Injury

According to the Defendants, the DOC's protocol does not violate the Eighth

Amendment because there is not a substantial risk of injury.  Defendants' Motion to Dismiss

and Brief in Support at pp. 9-10 (Sept. 6, 2005); Defendants' Motion to Dismiss and Brief

in Support at pp. 9-10 (Sept. 22, 2005).  This argument is unpersuasive.

The Plaintiffs allege in the complaint that under the DOC procedure, lethal injection

is carried out by personnel untrained in the use of intravenous catheters, medical personnel

do not oversee the placement of intravenous catheters, improper placement and monitoring

of intravenous catheters can lead to inadequate anesthesia, the executioners lack training in

the interpretation of pressure feedback on intravenous lines and cannot observe or monitor

the intravenous catheters, half of the anesthesia is not delivered to the inmate until after he

---

[12]     In its current website, the DOC describes the lethal injection process, stating:

>   Sodium Thiopental causes unconsciousness.  Vecuronium Bromide stops respiration.
>   Potassium Chloride stops heart.  Two intravenous lines are inserted, one in each arm.
>   The drugs are injected by hand held syringes sequentially into the intravenous lines,
>   alternating between the two lines.  The sequence is in the order that the drugs are
>   listed above.  Saline is also injected after each drug is injected.  Three executioners
>   are utilized, with each one injecting one of the drugs.

Department of Corrections - Capital Punishment, available at http://www.doc.state.ok.us/DOCS/
CapitalP.HTM (accessed Dec. 11, 2005).

should already be dead, studies have revealed that the 1200 mg of anesthesia given at the beginning of the execution might not induce unconsciousness in all persons, no one monitors the "plane of anesthesia" during execution, in at least two instances deceased inmates have arrived at the medical examiner's office with unused syringes of anesthesia, the neuromuscular blocking and heart stopping chemicals used by the DOC cause extreme pain if administered without proper anesthesia, the chemicals used by the DOC to stop respiration and heartbeat have been banned in the euthanasia of animals because of the pain and suffering, other less painful chemicals are available which would serve the same function, and in at least three executions witnesses could observe pain and anguish on the part of the inmates. Complaint, *passim*.  In light of these allegations, the Court should conclude that the Plaintiffs have stated a valid claim that the DOC protocol creates an excessive risk of substantial injury or deprivation.[13]

---

[13]     The Defendants deny a "deprivation" or injury under the DOC procedure, arguing that a sufficient amount of anesthesia is provided to the condemned. Defendants' Motion to Dismiss and Brief in Support at pp. 9-10 (Sept. 6, 2005); Defendants' Motion to Dismiss and Brief in Support at pp. 9-10 (Sept. 22, 2005).  In part, the Defendants base their argument on *Reid v. Johnson*, 333 F. Supp. 2d 543 (E.D. Va. 2004).  *See id.*  There the federal district court concluded that Virginia's lethal injection procedures did not violate the Eighth Amendment.  *Reid v. Johnson*, 333 F. Supp. 2d 543, 546 (E.D. Va. 2004).  But *Reid* does not support dismissal.

     First, the Court cannot go outside the complaint in ruling on a motion to dismiss.  *See supra* p. 2.  Thus, the Defendants' reliance on medical evidence detailed in *Reid v. Johnson* does not support dismissal here.  *See, e.g.*, *Johnston v. Crawford*, Case No. 4:04CV1075, slip op. at 6 (E.D. Mo. June 13, 2005) (unpublished op.) (rejecting reliance on other court decisions on challenges to lethal injections in support of a motion to dismiss).

     Second, even if the Court were to consider the medical evidence in *Reid*, it would not support dismissal.  Messrs. Anderson and Taylor allege delivery of only 1200 mg of anesthesia before the introduction of vecuronium bromide and potassium chloride.  Complaint at pp. 7, 14-15.  In *Reid*, the court approved of Virginia's administration of 2000 mg of anesthesia.  *Reid v. Johnson*, 333 F.

IV.   Whether DOC Officials Have a Sufficiently Culpable State of Mind

The Eighth Amendment is violated only if the official is "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and ultimately draws that inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The Defendants argue that Messrs. Anderson and Taylor have failed to allege an appreciation of the excessive risks. Defendants' Motion to Dismiss and Brief in Support at pp. 8-9 (Sept. 6, 2005); Defendants' Motion to Dismiss and Brief in Support at pp. 8-9 (Sept. 22, 2005).  The undersigned disagrees.

The Plaintiffs have alleged that the Defendants knew or should have known about the flaws in their protocol and the "botched" executions, but have refused to take corrective action.  Complaint at pp. 17-18.  One reasonable inference is that the Defendants were aware of facts that would have led to recognition of a substantial risk of serious harm.  *See supra* p. 2.

V.   Summary

Viewing all of the allegations and reasonable inferences favorably to the Plaintiffs, the Court should conclude that they have stated a valid claim.  The allegations indicate a

---

Supp. 2d 543, 546 (E.D. Va. 2004).  The complaint suggests that in comparison to Oklahoma officials, Virginia executioners administer 60% more anesthesia before the injection of a skeletal muscle relaxant or potassium chloride.  Thus, *Reid* is distinguishable.

substantial risk of serious injury during execution and deliberate indifference on the part of the Defendants.   Accordingly, the Court should overrule the motion to dismiss.

### Notice of Right to Object

The parties can object to this report and recommendation.  *See* 28 U.S.C. § 636(b)(1) (2000).  Any such objection must be filed with the Court Clerk for the United States District Court, Western District of Oklahoma.  *See Haney v. Addison*, 175 F.3d 1217, 1220 (10th Cir. 1999).  The deadline for objections is January 10, 2006.  *See* W.D. Okla. LCvR 72.1(a).  The failure to timely object would waive one's right to appellate review of the recommended ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

### Status of the Referral

The referral is terminated.   If the Court adopts the present recommendation, the undersigned would suggest a new referral for further proceedings.

Entered this 20th day of December, 2005.


Robert E. Bacharach
United States Magistrate Judge