# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-05-0825-F ) |
| JUSTIN JONES, et al., | ) ) |
| Defendants. | ) ) |

## **ORDER**

Defendant's Motion to Dismiss, filed September 3, 2008, has been fully briefed and is before the court for determination. (The motion is included in "Defendant's Response to Memorandum and Motion to Reactivate Proceedings and Brief in Support," doc. no. 127.)

The inquiry under Rule 12(b)(6) is whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1969,1974 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id*. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. In conducting

its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. *Id.*

The primary issue presented by this action is whether the current Oklahoma protocol for execution by lethal injection is constitutional based on the Supreme Court's pronouncements in Baze v. Rees, 553 U.S. ___, 128 S. Ct. 1520 (2008). Different tests for cruel and unusual punishment are stated by various justices in Baze. Should it ultimately be necessary to determine whether plaintiff's evidence could meet (or create genuine issues of material fact with respect to) any of these tests, an evidentiary record would be helpful. The court also observes that in Baze, some justices emphasized the existence of, or lack of, record evidence. Finally, at a minimum, evidence would provide a context for any determinations of fact or law that are ultimately required.

For these and other reasons, after careful consideration, the court concludes that this action should be determined with the benefit of an evidentiary record, whether that determination occurs at the summary judgment stage or at trial.[1] The court will

---

[1] The court reaches this conclusion despite the fact that it dismissed the complaint with prejudice in Short v. Jones, CIV-08-0339-F, under Rule 12(b)(6), Fed. R. Civ. P. (The complaint in Short cited and attached the complaint in this action.) On April 16, 2008, the date the United States Supreme Court decided Baze, the Oklahoma Attorney General requested that the Oklahoma Court of Criminal Appeals set an execution date for Mr. Short, and Mr. Short was executed on June 17, 2008. In ruling on the Rule 12(b)(6) motion from the bench in Short on May 21, 2008, the undersigned essentially deemed the pleadings amended to include the current Oklahoma lethal injection protocol. That step was appropriate given the gravity of the situation and the need for an expedited resolution of the issues. Here, by contrast, the court is aware of no exigencies that would warrant that step, and the court has not made a similar ruling amending the pleadings. As a result, the current Oklahoma protocol cited in plaintiff's moving papers (attached as an exhibit to doc. no. 125, app. 2) remains a matter outside the pleadings. Consideration of how that protocol fares under Baze -- the issue presented by the motion to dismiss -- may not be undertaken without either amending the pleadings *sua sponte* as was done in Short or converting the motion to one for

(continued...)

soon enter a scheduling order to govern the progress of this case to an orderly and reasonably expeditious conclusion. The scheduling order will, among other things, set a deadline for completion of discovery and a deadline for motions for summary judgment. (The order will also set a date for arguments on any motions for summary judgment that may be filed.) On the subject of discovery, the court reiterates its expectation, expressed at the recent scheduling conference, that the parties will cooperate fully and constructively so that each party will obtain the information reasonably necessary to bring this case to a conclusion, with due regard for the fact that some practical aspects of this matter (such as the consequences of identification of specific persons involved in the execution process) suggest that, in some respects, unlimited discovery may not be appropriate. *See,* Rule 26 (b)(2)(C)(iii), Fed.R.Civ.P.

Defendants' motion to dismiss is **DENIED**.

Dated this 5th day of December, 2008.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0825p042.wpd

---

¹(...continued)
summary judgment, both of which the court declines to do.