IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES TAYLOR, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JUSTIN JONES, in his capacity as )<br>Director of the Oklahoma Department )<br>of Corrections, et. al., )<br>)<br>Defendants. ) | Case No. CIV-05-825-F |

**REPLY TO PLAINTIFF'S RESPONSE
CONDITIONALLY OBJECTING TO DISMISSAL**

Come now the Defendants and reply to the Plaintiff's response wherein the Plaintiff objects to dismissal of the Plaintiff's case because it is moot. The Defendants respectfully point out as follows:

1. Plaintiff conditionally objects to the dismissal unless the State agrees not to pursue a potential defense in the event of a subsequent conviction and sentence of death for Mr. Taylor;

2. Apparently, the Plaintiff wants to prevent Defendants' from pursuing some type of estoppel or res judicata defense. However, the Defendants anticipate that because the matter would be dismissed without prejudice for a lack of standing at this point in time, the same would not necessarily be true in the event that Mr. Taylor receives the death penalty again.

3.      However, as the present counsel for the Defendants is lacking in skills clairvoyant in nature and cannot say what the state of the law may be, the Defendants decline to agree to a waiver of any possible defenses that may be available in the future, no matter how unlikely.

4.      A dismissal without prejudice is not a ruling on the merits.

## BRIEF IN SUPPORT

Again, the Defendants anticipated that the dismissal would be without prejudice as the Plaintiff has lost his standing to pursue this case since he is no longer on death row. "A 'live' case or controversy is prerequisite to federal jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996)  The Plaintiff cites no authority which indicates that the Defendants could claim that Plaintiff was subject to a defense of estoppel on a case dismissed for a reason other than on the merits.

While there does not appear to be a great many cases in the Tenth Circuit on the issue, it appears that when a case has become moot, it should be dismissed. *Whiteshirt v. Begay*, 2008 WL 5248981(D. Colo.), *citing to Unified Sch. Dist. No. 259 v. Sedwick County*, 491 F.3d 1143, 1150 (10th Cir. 2007).  It also appears that the dismissal should be one without prejudice.  See: *Ritchey v. Vasquez*, 986 S.W.2d. 611, (Tex. 1999); and *Jamal v. Chertoff*, 2007 WL 2509765(D. Minn.) (Not reported in F. Supp. 2d).

A dismissal without prejudice is not a decision on the merits. See: *Semtek Intern. Inc., v. Lockheed Martin Corp.,* 531 U.S. 497, 121 S. Ct. 1021 (2001), noting a distinction between "without prejudice" and "dismissal on the merits." at 505.

Accordingly, it does not appear that there is a sufficient reason to maintain this case in abeyance as suggested by the Plaintiff. The matter should be dismissed as the Plaintiff does not have standing to continue his claims and the matter is moot.

> Respectfully submitted,
>
> s/ Richard N. Mann
> **RICHARD N. MANN, OBA #11040**
> Assistant Attorney General
> Oklahoma Attorney General's Office
> Litigation Section
> 313 N. E. 21st Street
> Oklahoma City, Oklahoma  73105
> Tele: (405) 521-4274   Fax: (405) 521-4518
> Richard.Mann@oag.ok.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2009, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Susan M. Otto
Randy A. Bauman
Federal Public Defenders
215 Dean A. McGee, Suite 109
Oklahoma City, OK  73102
*Attorneys for Plaintiff*

> s/ Richard N. Mann
> Richard N. Mann